IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Criminal Action No.  05-CR-00294-F

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.  AMADO MEDINA,
2.  LUCY MEDINA,
**3.  MARIA MEDINA**,
4.  ARMANDO MEDINA-GOMEZ, a/k/a "Junior,"
5.  ARMANDO VALDOVINOS, a/k/a Armando Baldobinos,
6.  FRANCISCO VELEZ, a/k/a Francisco Veles, a/k/a "Chico,"
7.  MILITZA VELEZ, a/k/a Militza Palomera, a/k/a "Milly,"
8.  LUIS HERNANDEZ, a/k/a Luis Hernandez-Holguin,
9.  EDILBERTO MEDINA-CASTENADA, a/k/a "Beto," a/k/a "Betito,"
10. ANGEL VELEZ-MEDINA,
11. MIGUEL IZAGUIRRE,
12. PATRICK MADRID,
**13. MARTIN VALDOVINES-VAZQUEZ**,
14. INGRID CALAR,
15. SAUL GARCIA-ANTILLON,
16. CARLOS SIMENTAL,
17. ROBERT OLIVAS,
18. ANTHONY PINO,
19. ROSARIO VARGAS,
20. SANTIAGO MEDINA,
21. ELMA GARCIA,
22. EDGAR GARCIA-ANTILLON,
23. MARTIN PELAYO,
24. ISIDRO PELAYO-CASTELLON,
25. ALONSO MEDINA,
26. EUGENIO SANTANA,
27. HECTOR HERNANDEZ-HINOJOS,
28. JOSE ALBERTO MALDONADO-GARCIA,

     Defendants.

**ORDER RE PENDING MOTIONS**

This matter comes before the Court on Defendant Maria Medina's Motion to Dismiss the Indictment (Doc. # 183), her Motion to Request that the Court Direct the Filing of a Bill of Particulars (Doc. # 184), and Defendant Martin Valdovines-Vasquez's Motion for a Bill of Particulars (Doc. # 253), as well as the various joinders in those motions.  The Court has reviewed the motions, the responses to those motions, the reply to Medina's motions, and is fully advised in the premises.

Defendant Maria Medina (hereinafter "Defendant Medina" has moved to dismiss the Third Superceding Indictment as it applies to her.  More precisely, she moves to dismiss the first count of that indictment which charges a conspiracy to distribute a controlled substance, namely cocaine, a violation of 21 U.S.C. § 846.

The basis for Defendant Medina's motion is her argument that the first count of the Third Superceding Indictment fails to comply with Rule 7(c)(1) of the Federal Rules of Criminal Procedure.  As she notes, that rule requires a "plain, concise and definite written statement of the essential facts constituting the offense charged."

Defendant Medina correctly cites *Hamling v. United States*, 418 U.S. 87 (1974), for the proposition that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which [s]he must defend, and, second, enables [her] to plead an acquittal or conviction in bar of future prosecutions for the same offense."  *Id*. at 117.

2

Defendant Medina argues that because count one of the indictment in this case does not state when, during the nearly one year term of the charged conspiracy, she committed any act connected with this alleged conspiracy, nor indeed state any particular act she committed demonstrating her involvement in the conspiracy, it is insufficient.  While she acknowledges that an indictment need do little more than track the language of the statute on which it bases the charge, it is her contention that an indictment must give reasonable notice of the manner in which a violation occurred as well as well as the essential facts that support the violation.

In fact, "[a]n indictment need not go further and allege 'in detail the factual proof that will be relied upon to support the charges.'"  *United States v. Dunn*,  841 F.2d 1026, 1029 (10th Cir. 1988), *quoting United States v. Crippen*, 579 F.2d 340, 342 (5th Cir.1978), *cert. denied*, 439 U.S. 1069 (1979).  More precisely, "an indictment under section 846 need not allege overt acts."  *United States v. King*, 521 F.2d 61, 63 (10th Cir.1975), *overruled on other grounds*, *United States  v. Savaiano*, 843 F.2d 1280 (10th Cir. 1988).

Courts have taken a practical approach when considering the sufficiency of an indictment.  As noted, *Hamling* requires that an indictment give a defendant sufficient information to allow her to defend herself.  "The indictment should be read as a whole and interpreted in a common-sense manner."  *United States v. Stoner*, 98 F.3d 527, 531 (10th Cir. 1996).  Particularly in the case of an indictment which alleges a conspiracy, it would almost certainly be impractical to attempt to include all the information that will subsequently be provided to defendants in discovery.  "The

3

relevant overt acts need not be alleged in the indictment, however, so long as the indictment gives proper notice of the conspiracy charge." *United States v. Lewis*, 759 F.2d 1316, 1347 (8th Cir.), *cert. denied sub nom.*, 474 U.S. 994 (1995). This settled statement of law directly contradicts Defendant Medina's argument that the indictment is defective because it fails to set forth the facts that show she was both aware of the conspiracy and participating in it.

"Although an indictment must in order to fulfill constitutional requirements apprise the defendants of the essential elements of the offense with which they are charged, neither the Constitution, the Federal Rules of Criminal Procedure, nor any other authority suggests that an indictment must put the defendants on notice as to every means by which the prosecution hopes to prove that the crime was committed." *United States v. Haldeman*, 559 F.2d 31, 124 (D.C.Cir. 1976), *cert. denied sub nom., Mitchell v. United States*, 431 U.S. 933 (1977). The Third Superceding Indictment does not lack sufficient detail under these standards.

The Court also notes that while Defendant Medina's motion is addressed to the indictment, and she acknowledges that its sufficiency must be judged from the face of the indictment itself, she goes on to include argument based on references to grand jury testimony. Grand jury testimony, however, is irrelevant to the issue of whether the Third Superceding Indictment is sufficient under Rule 7(c)(1). Consequently, those portions of Defendant Medina's motion and reply will not be considered by the Court.

Defendant Medina has also filed a motion requesting that the Court order the filing of a bill of particulars pursuant to F.R.Crim.P. 7(f). The request is based on

4

reasoning similar to that in the motion to dismiss, generally that the indictment gives her insufficient information to prepare her defense.  She also argues that the indictment is not detailed enough to protect her right against double jeopardy.

Defendant Martin Valdovines-Vasquez has also filed a motion which requests a bill of particulars. Unlike Maria Medina, Valdovines-Vasquez is named in not only the first count of the Third Superceding Indictment, the conspiracy count, but also in two substantive counts.  While he similarly laments the lack of specificity in the indictment regarding overt acts, he notes that 5,000 pages of discovery have been produced. He states that the discovery allegations that the activities at issue in this case involved at least eight states stretching across the country.

Defendant Valdovines-Vasquez acknowledges that the decision about whether to order production of a bill of particulars is within a trial court's discretion. Nevertheless, he contends that such an order is necessary in this case as he does not believe that the discovery provided to him gives him sufficient information to advise him of the charges against him, or allow him to protect himself against double jeopardy. He goes on to request specific information that he argues will allow him to focus his defense on only those times, locations, individuals and controlled substances that allegedly apply to him.

"A bill of particulars is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial. . . .  The defendant is not entitled to notice of all of the *evidence* the government intends to produce, but only the *theory* of the government's case."

5

*United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (citations and brackets omitted; emphasis in original).

A review of the Third Superceding Indictment does not show it to be as lacking in detail as described by Defendants Medina and Valdovines-Vasquez.   As a preliminary matter, the most recent indictment is thirty-five pages long and contains fifty-two counts.   Count One, as noted by Defendant Valdovines-Vasquez, is limited to a time period of just under one year.   All counts state that the crimes alleged occurred in Colorado, as they must, despite Defendant Valdovines-Vasquez insistence that there is no limitation as to location.   All counts involve cocaine and no other controlled substance.   All counts except the first specify a single day during the one year time period on which they allege that the charged conduct occurred.

Defendant Valdovines-Vasquez is essentially arguing in the same motion that he has both too much and too little information to prepare his defense appropriately. While he, like many defendants in large conspiracy cases, would like more information about himself and his alleged role in the events at issue, he is simultaneously overwhelmed by the amount of information that has been provided to him about the alleged conspiracy as a whole.   These dual positions seem ironic and pose a challenge but while they are not inconsistent, neither are they meritorious.   The situation is a legitimate offshoot of the broad discretion accorded the government's charging decisions.   *Bordenkircher v. Hayes*, 434 U.S. 357, 365 (1978).   The Court does not find that these two defendants are entitled to a bill of particulars regarding the Third

6

Superceding Indictment.  Moreover, given the extensive discovery adduced, which they

may not have fully digested as of the time the motions at issue were filed, the Court

declines to grant a bill of particulars based on its discretionary power to do so.  These defendants have not demonstrated improper prejudice.

It is, therefore, ORDERED that Defendant Medina's Motion to Dismiss (Dkt. # 183) is DENIED.

It is further ORDERED that Defendant Medina's Motion to Request that the Court Direct the Filing of a Bill of Particulars (Dkt. # 184) and Defendant Valdovines-Vasquez's Motion for a Bill of Particulars (Dkt. # 253) are DENIED.  The motions of those defendants joining in the latter motion (Dkt. # 262, filed by Angel Velez-Medna; Dkt. # 268, filed by Patrick Madrid; Dkt. # 263, filed by Ingrid Colar; Dkt. # 267, filed by Carlos Simental; and Dkt. # 256, filed by Santiago Medina) are DENIED on the same grounds.

DATED:  December 23, 2005

BY THE COURT:

*s/ Phillip S. Figa*

_____
Philip S. Figa
United States District Judge